# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Terry Lynn Williams,

        Plaintiff,      Case No. 24-12435

v.                            Judith E. Levy
                                 United States District Judge

Teri Massey and Vital Core Health
Strategies,                  Mag. Judge Patricia T. Morris

        Defendants.

_____/

# ORDER EXTENDING TIME FOR PLAINTIFF TO FILE A REPLY AND OBJECTIONS TO THE REPORT AND RECOMMENDATION [14] AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT [18]

On December 11, 2024, Magistrate Judge Patricia T. Morris issued a Report and Recommendation ("R&R") recommending the Court deny Plaintiff's emergency motion for temporary restraining order. (ECF No. 14.) The parties were required to file specific written objections, if any, within 14 days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d).

The deadline to file objections to the R&R passed on December 26, 2024. While Plaintiff did not file objections to the R&R, he filed several

motions in response to Defendants' response brief that were docketed after the R&R was issued, and he also filed several motions that appear to respond to the R&R.

The R&R was issued on December 11, 2024. On December 20, 2024, five documents from Plaintiff were docketed, which were dated December 11, 2024, postmarked December 17, 2024, and received by the Court on December 20, 2024. (ECF Nos. 15, 16, 17, 18, 19.) All appear to respond to Defendants' response to the motion for temporary restraining order and/or preliminary injunction. (ECF No. 12.) These five filings are:

- "Plaintiff's Rule 60(b), motion for fraud upon the court by Defendants' and their attorney Nicholas B. Pillow and the Chapman Law Group" (ECF No. 15)

- Plaintiff's "motion to strike Defendants' Vital Core Health Strategies and Teri Massey, N.P.'s response to Plaintiff's emergency motion for temporary restraining order and/or preliminary injunction (ECF No. 43)[1] based upon Plaintiff's Rule 60(b) motion for fraud upon the Court filed simultaneously" (ECF No. 16)

- Plaintiff's "affidavit in opposition to Defendant Massey's affidavit" (ECF No. 17)

---

[1] Plaintiff's motion for temporary restraining order is ECF No. 8, not ECF No. 43.

2

- "Plaintiff's motion for an enlargement of time to respond to Defenants' Vitalcore Health Strategies and Teri Massey, N.P.'s Response to Plaintiff's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction" (ECF No. 18)

- "Plaintiff's motion for [e]videntiary hearing and request to take judicial notice of exhibits attached hereto" (ECF No. 19)

Less than a week later, on December 26, 2024, two filings from Plaintiff that address the R&R were docketed. (ECF Nos. 21, 22.) These two documents, which were dated December 17, 2024, postmarked December 19, 2024, and received by the Court on December 26, 2024, are:

- Plaintiff's "ex parte motion to recuse/disqualify with 28 U.S.C. § 144 affidavit Magistrate Judge Patricia T. Morris under Federal Rules of Civil Procedure 28 U.S.C. § 455, (a), (b), (1)" (ECF No. 21)

- Plaintiff's "motion to strike Magistrate Judge Morris' Report and Recommendation dated 12-11-2024 based upon fraud upon the Court and for violation of Plaintiff's constitutional right to respond in a timely manner to a partys' pleadings in response to their pleadings" (ECF No. 22)

In Plaintiff's December 26, 2024 filings, he argues that Judge Morris "has demonstrated personal bias towards Plaintiff Williams" and that the R&R should be stricken because the R&R was issued without "allowing the Plaintiff a chance to respond." (ECF No. 21, PageID.206; ECF No. 22, PageID.213.) Plaintiff states that Judge Morris violated the

3

Federal Rule of Civil Procedure or his constitutional rights because she did not wait for his reply before issuing the R&R. (ECF No. 21, PageID.206–207; ECF No. 22, PageID.213–215.) Additionally, Plaintiff argues that the R&R is improper because it does not consider his filings regarding Defendants' response brief, which are the filings entered on December 20, 2024.

Even if Plaintiff's December 26, 2024 filings (ECF Nos. 21, 22) could be considered objections to the R&R, Plaintiff does not provide any objection to the legal analysis or conclusions in the R&R. Finally, Plaintiff does not provide information on what he would argue in his reply brief to his motion for temporary restraining order.

As such, Plaintiff is directed to file any objection to the R&R by **January 28, 2025**. Plaintiff may file his reply brief as an exhibit to any objection he may file. Further, Plaintiff's motion for extension for time (ECF No. 18) is DENIED as MOOT.

IT IS SO ORDERED.

Dated: January 13, 2025       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

4

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2025.

                                                s/William Barkholz
                                                WILLIAM BARKHOLZ
                                                Case Manager