UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRY LYNN WILLIAMS, | Case No. 5:24-cv-12435 |
| *Plaintiff,* | Judith E. Levy<br>United States District Judge |
| v. | |
| TERI MASSEY and VITAL CORE HEALTH STRATEGIES, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* | |
| _____/ | |

**ORDER
DENYING PLAINTIFF'S MOTION TO DISQUALIFY (ECF No. 21)
AND
RESOLVING PLAINTIFF'S MOTION TO CLARIFY (ECF No. 30)**

**I.   Introduction**

This is a prisoner civil rights case under 42 U.S.C. § 1983.  In September 2024, Plaintiff Terry Lynn Williams filed a complaint against Vital Core Health Strategies and its employee Teri Massey, N.P.  (ECF No. 1).  Williams alleges that around February 2024, Defendants conspired "to refuse [him] medical treatment" for "open wounds" in both legs.  (*Id.* at PageID.5).  He now brings claims against them for violations of his First, Fourteenth, and Eighth Amendment rights.  (*Id.* at PageID.13–18).

There are numerous pending matters in this case.  This order will address two

1

of Williams' pending motions, namely his "ex parte" motion to disqualify the Undersigned (ECF No. 21) and his motion to clarify a prior order (ECF No. 30).

## II. BACKGROUND

On November 20, 2024, Williams moved for a temporary restraining order ("TRO") or a preliminary injunction. (ECF No. 8). In broad terms, Williams alleged that he had a serious and time-sensitive medical issue that Defendants were refusing to treat. (*See id.*).

Although Williams requested that the Court issue a TRO without first requiring him to notify Defendants and without giving them a chance to respond, the Undersigned determined that the better course of action was to direct Defendants to file an expedited response. (*See* ECF No. 9). Defendants filed their response on December 5, 2024, wherein they explained why the Court should deny Williams' motion. (ECF No. 12). Defendants also provided the Court with relevant medical records and an affidavit from Massey. (ECF Nos. 12-1, 12-2).

Given the urgency inherent with a motion for a TRO, the Undersigned issued a Report and Recommendation ("R&R") about a week after Defendants filed their response. (ECF No. 14). Ultimately, the R&R recommended that Williams' motion for a TRO be denied because his medical records showed that Defendants have been attending to his medical needs and that a TRO was therefore unnecessary. (*Id.*). That R&R remains pending before the Court.

2

### III. Discussion

In his motion to disqualify, Williams moves for the Undersigned Magistrate Judge to disqualify herself under 28 U.S.C. § 455. (ECF No. 21). Williams argues that the Undersigned demonstrated bias when she issued the R&R six days after Defendants filed their response to his motion for a TRO and thus without waiting either seven or fourteen days to give him an opportunity to file a reply.

Section 455(a) provides that a "magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Williams also cites § 455(b)(1), which requires a magistrate judge to disqualify herself "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" *Id.* § 455(b)(1).

> The alleged bias or prejudice on the part of the judge must be personal, that is, directed against a party. *In re Cooper*, 821 F.2d 833 (1st Cir.1987); *United States v. Kelley*, 712 F.2d 884 (1st Cir. 1982). Additionally, the legal standard to be applied under sec. 455 is a reasonable man standard. When a motion is brought under sec. 455, the standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality toward a party might reasonably be questioned. *Trotter v. International Longshoremen's and Warehousemen's Union*, 704 F.2d 1141 (9th Cir.1983); *United States v. Greenough*, 782 F.2d 1556 (11th Cir. 1986). Further, under sec. 455, there is as much obligation for the judge *not* to recuse himself when the circumstances demonstrate that there is no occasion to do so as there is for him to recuse himself when there is reason to do so. *Wolfson v. Palmieri*, 396 F.2d 121 (2d Cir. 1968).

*Deuer Mfg., Inc. v. Kent Prods., Inc.*, 760 F. Supp. 609, 610–11 (E.D. Mich. 1989)

3

(emphasis in original).

"When arguing bias, two sets of circumstances present grounds for a judge to recuse herself: the 'Extrajudicial Source Factor,' and the 'Pervasive–Bias Exception.'" *In re Byers*, 509 B.R. 577, 583 (Bankr. S.D. Ohio 2014) (internal footnote omitted). To prevail under the Extrajudicial Source Factor, the moving party "must demonstrate an alleged bias that 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case.'" *Id.* (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003)). Meanwhile to prevail under the Pervasive-Bias Exception, the moving party must demonstrate "on the basis of events occurring in the course of the current proceedings . . . that those events display a deep-seated and high degree of antagonism or favoritism." *In re Haas*, 292 B.R. 167, 178 (Bankr. S.D. Ohio 2003). Williams' motion is best understood as arguing for disqualification under the Pervasive-Bias Exception.

Critically, "[j]udicial rulings and remarks not based on an extrajudicial source 'almost never constitute a valid basis' for recusal." *Id.* at 178–79 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "[D]isqualification is warranted only when judicial rulings and remarks not based on extrajudicial sources rise to 'such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *Id.* at 179 (quoting *Liteky*, 510 U.S. at 555).

4

Williams argues that issuing the R&R before he had an opportunity to file a reply shows that the Undersigned is biased against him. This is not so.

As noted above, motions for TROs are inherently time sensitive. Williams also labeled it as an "emergency" motion. Regardless,

> [r]eply briefs, unlike response briefs, are submitted at a party's discretion. *See* E.D. Mich. LR 7.1. Just as a party is not required to submit a reply brief, the court is not required to wait for, or consider, a reply brief if the issues are sufficiently clear after considering a motion and response.

*Convertino v. U.S. Dep't of Just.*, No. 07-CV-13842, 2008 WL 4998369, at *2 (E.D. Mich. Nov. 21, 2008).

Here, the issues were sufficiently clear after considering Williams' motion and Defendants' response. The Undersigned thus appropriately exercised her discretion when she issued the R&R without first waiting to see whether Williams would file a reply. Moreover, Williams' disagreements with the R&R could have been raised in objections for the Court's consideration, which is the proper procedure when a party disagrees with a magistrate judge's recommendation. *Cf. Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 641 (7th Cir. 2002) ("[J]udicial rulings are grounds for appeal, not recusal.").

Ultimately, Williams has not persuaded the Undersigned that she has displayed "an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to

5

question the neutral and objective character of [her] rulings or findings." *Liteky*, 510 U.S. at 557.

After Williams filed his motion to disqualify, Defendants filed a motion to dismiss (ECF No. 27). As in any other *pro se* case, the Undersigned then entered a standard order setting a deadline for Williams to file a response and a deadline for Defendants to file a reply. (ECF No. 28). Williams then filed a motion to clarify in which he argues that the Undersigned violated 28 U.S.C. § 144 by entering the order after he had filed a motion to disqualify supported by an affidavit. (ECF No. 30).

As one district judge in this district has recognized, "[b]y its terms, 28 U.S.C. § 144 applies only to district judges." *United States v. White*, 582 F. Supp. 3d 525, 532 (E.D. Mich. 2022). The Undersigned is a magistrate judge meaning that § 144 is inapplicable. As such, Williams' contention that the order was entered in violation of § 144 is without merit.

In his motion to clarify, Williams also requests additional time to file a response. This request is now moot because Williams has since filed a timely response. He additionally requests a copy of the current docket sheet for this case. A copy will be included with this order.

### IV. Conclusion

For these reasons, Williams' ex parte motion to disqualify the Undersigned (ECF No. 21) is **DENIED**. Further, this order has **RESOLVED** Williams' motion

6

to clarify (ECF No. 30).  A copy of the docket sheet shall be included with this order.

    **IT IS SO ORDERED.**

Date:  February 25, 2025                        <u>s/PATRICIA T. MORRIS</u>
                                                       Patricia T. Morris
                                                       United States Magistrate Judge