# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Terry Lynn Williams,

|  |  |
|---|---|
| Plaintiff, | Case No. 24-12435 |
| v. | Judith E. Levy |
|  | United States District Judge |
| Teri Massey and Vital Core Health Strategies, |  |
|  | Mag. Judge Patricia T. Morris |
| Defendants. |  |

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [14], DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION [8], DENYING PLAINTIFF'S RULE 60(b) MOTION [15], DENYING PLAINTIFF'S MOTION TO STRIKE [16], DENYING PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING AND REQUEST TO TAKE JUDICIAL NOTICE OF ATTACHED EXHIBITS [19], DENYING PLAINTIFF'S MOTION TO STRIKE [22], AND OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE MORRIS' ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY JUDGE [35]**

Before the Court is Magistrate Judge Patricia T. Morris' Report and

Recommendation ("R&R") recommending the Court deny *pro se* Plaintiff

Terry Lynn Williams' emergency motion for temporary restraining order

("TRO"). (ECF No. 14.) Additionally, a variety of Plaintiff's motions (ECF

Nos. 15, 16, 19, 22),[1] and Plaintiff's objections to Magistrate Judge Morris' order, remain unresolved. (ECF No. 35.) For the reason set forth below, the R&R (ECF No. 14) is adopted, Plaintiff's emergency motion for a temporary restraining order and/or preliminary injunction (ECF No. 8) is denied, and Plaintiff's objections to Judge Morris' order are overruled. (ECF No. 35.) Additionally, Plaintiff's other motions (ECF Nos. 15, 16, 19, 22) are denied.

## I.   The Report and Recommendation (ECF No. 14) and Plaintiff's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 8)

The R&R recommends that the Court deny Plaintiff's emergency motion for a TRO. (ECF No. 14.) In response to the R&R, Plaintiff filed a variety of motions and statements. (*See* ECF Nos. 21, 22, 31.)

---

[1] On September 24, 2024, the Court referred this case to Judge Morris for all pretrial proceedings. (ECF No. 6.) On April 30, 2025, Judge Morris issued an R&R, which recommended that the Court grant Defendants' motion to dismiss and deny all other pending motions as moot. (ECF No. 41.) Specifically, she recommends that the Court deny as moot ECF Nos. 15, 16, 19, and 22. (ECF No. 41, PageID.376.)

Out of an abundance of caution, the Court will address and rule on those motions (ECF Nos. 15, 16, 19, 22) in this Order because they could be construed as objections to Judge Morris' R&R that the Court deny Plaintiff's emergency motion for a TRO and/or preliminary injunction. (ECF No. 14.)

## A. Background

The "Record Evidence" section set forth in the R&R is adopted as the factual background section, as though set forth in this Opinion and Order.

## B. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

3

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

Courts use the same four factors when evaluating a motion for a TRO or a preliminary injunction:

> (1) whether the movant has a strong likelihood of success on the merits;
>
> (2) whether the movant would suffer irreparable injury without the injunction;
>
> (3) whether issuance of the injunction would cause substantial harm to others; and
>
> (4) whether the public interest would be served by the issuance of the injunction.

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (citing *Tumblebus v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)); *see also Rios v. Blackwell*, 345 F. Supp. 2d 833, 835 (N.D. Ohio 2004) (noting that the standards for a TRO and a preliminary

4

injunction are the same). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The party moving for such injunctive relief bears the burden of showing that it is warranted. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

> Federal Rule of Civil Procedure 65(b)(1) provides, in relevant part:
>
> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Because Plaintiff is self-represented, the Court will construe his objections liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### C. Analysis

Judge Morris issued the R&R on December 11, 2024. Plaintiff did not file objections to the R&R within the 14-day deadline. However, he filed several motions in response to Defendants' response brief that were docketed after the R&R was issued, and he also filed several motions and documents that appear to respond to the R&R.

On December 20, 2024, five documents from Plaintiff were docketed, which were dated December 11, 2024, postmarked December 17, 2024, and received by the Court on December 20, 2024. (ECF Nos. 15, 16, 17, 18, 19.) All appear to respond to Defendants' response to his application for a TRO and/or preliminary injunction. (ECF No. 12.) These five filings are as follows:

- "Plaintiff's Rule 60(b), motion for fraud upon the court by Defendants' and their attorney Nicholas B. Pillow and the Chapman Law Group" (ECF No. 15)

- Plaintiff's "motion to strike Defendants' Vital Core Health Strategies and Teri Massey, N.P.'s response to Plaintiff's emergency motion for temporary restraining order and/or preliminary injunction (ECF No. 43)[2] based upon Plaintiff's

---

[2] Plaintiff's motion for temporary restraining order is ECF No. 8, not ECF No. 43.

Rule 60 (b) motion for fraud upon the Court filed simultaneously" (ECF No. 16)

- Plaintiff's "affidavit in opposition to Defendant Massey's affidavit" (ECF No. 17)

- "Plaintiff's motion for an enlargement of time to respond to Defen[d]ants' Vitalcore Health Strategies and Teri Massey, N.P.'s Response to Plaintiff's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction" (ECF No. 18)[3]

- "Plaintiff's motion for [e]videntiary hearing and request to take judicial notice of exhibits attached hereto" (ECF No. 19)

In these filings, Plaintiff takes issue with Defendants' recitation of the facts in its response to the motion to the TRO because Defendants' fact section states that Plaintiff sent letters to VitalCore's headquarters at "unidentified times." (ECF No. 15, PageID.162 (stating that Defendants' attorney "Intentional [sic] Misrepresented Material facts to this Court . . . when they falsely claimed that Plaintiff's EXHIBITS of TWO letters did not bear a Date upon them"); ECF No. 12, PageID.64 (Defendants describing Plaintiff's letters to VitalCore's headquarters as being sent at "unidentified times" and at an "unidentified date").) Plaintiff claims that Defendants' description of the letters being sent at

---

[3] The Court denied this motion as moot. (ECF No. 25.)

unidentified times or dates was an "intentional misrepresentation of material fact" and "intentional false evidence" because the letters were dated April 7, 2024 and April 17, 2024 in his verified complaint. (ECF No. 26, PageID.169; *see also* ECF No. 1, PageID.15–16 (Plaintiff's verified complaint, which allegedly contains the reproduced contents of the two letters).)

Less than a week later on December 26, 2024, two filings from Plaintiff that address the R&R were docketed. (ECF Nos. 21, 22.) These two filings, which were dated December 17, 2024, postmarked December 19, 2024, and received by the Court on December 26, 2024, are:

- Plaintiff's "ex parte motion to recuse/disqualify with 28 U.S.C. § 144 affidavit Magistrate Judge Patricia T. Morris under Federal Rules of Civil Procedure 28 U.S.C. § 455, (a), (b), (1)" (ECF No. 21)

- Plaintiff's "motion to strike Magistrate Judge Morris' Report and Recommendation dated 12-11-2024 based upon fraud upon the Court and for violation of Plaintiff's constitutional right to respond in a timely manner to a partys' [sic] pleadings in response to their pleadings." (ECF No. 22.)

On January 13, 2025, the Court issued an order extending time for Plaintiff to file a reply and objections to the R&R. (ECF No. 25.) In the order, the Court stated,

8

[i]n Plaintiff's December 26, 2024 filings, he argues that Judge Morris "has demonstrated personal bias towards Plaintiff Williams" and that the R&R should be stricken because the R&R was issued without "allowing the Plaintiff a chance to respond." (ECF No. 21, PageID.206; ECF No. 22, PageID.213.) Plaintiff states that Judge Morris violated the Federal Rule of Civil Procedure or his constitutional rights because she did not wait for his reply before issuing the R&R. (ECF No. 21, PageID.206–207; ECF No. 22, PageID.213–215.) Additionally, Plaintiff argues that the R&R is improper because it does not consider his filings regarding Defendants' response brief, which are the filings entered on December 20, 2024.

Even if Plaintiff's December 26, 2024 filings (ECF Nos. 21, 22) could be considered objections to the R&R, Plaintiff does not provide any objection to the legal analysis or conclusions in the R&R. Finally, Plaintiff does not provide information on what he would argue in his reply brief to his motion for temporary restraining order.

As such, Plaintiff is directed to file any objection to the R&R by January 28, 2025. Plaintiff may file his reply brief as an exhibit to any objection he may file. Further, Plaintiff's motion for extension for time (ECF No. 18) is DENIED as MOOT.

(*Id.* at PageID.232–233.)

Plaintiff filed a response to the Court's January 13, 2025 order. (ECF No. 31, PageID.285.) In his filing, which is dated January 24, 2025 and received by the Court on January 28, 2025, Plaintiff states that he "moves this Honorable Court to take his Verified Complaint and Motion for TRO/PI as his Objection to the Magistrate Judge's R&R . . . ." (ECF

No. 31, PageID.287.) He again argues that he was denied an opportunity to file a reply before Judge Morris issued the R&R, that Judge Morris is prejudiced against him, and that Defendants committed "Fraud Upon the Court." (*Id.* at PageID.286–287.) Plaintiff also reiterates that Judge Morris should not be permitted to participate in the case and/or should recuse herself pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455." (*Id.* at PageID.290–291.) Plaintiff does not provide information on what he would argue in his reply brief to his motion for a TRO.

### i.   *Plaintiff's objections are improper*

As an initial matter, Plaintiff's filings do not contain proper objections because they dispute the general correctness of the R&R and do not address specific concerns with the R&R's analysis. *See Howard*, 932 F.2d at 509 (citing *Arn*, 474 U.S. at 147); *Miller*, 50 F.3d at 380.

### ii.   *Plaintiff's arguments regarding the lack of a reply brief*

Plaintiff's argument that the R&R is invalid because it was issued before he had a chance to file a reply is not convincing. He states, "Judge Morris violated the Federal Rule of Civil Procedure or his Constitutional rights because she did not wait for his reply before issuing the R&R." (ECF No. 31, PageID.289; *see also* ECF No. 22, PageID.214 ("Magistrate

10

Judge Patricia T. Morris DID NOT, comply with the Federal Rules of civil Procedure, in that Plaintiff had one may argue Seven (7) Days or Fourteen (14) days to respond to Defendants' and their attorney's Response, but Magistrate Judge Patricia T. Morris DENIED, that right by issuing her BIAS R&R . . . . ") (emphasis omitted); ECF No. 21, PageID.206; ECF No. 29, PageID.269.)

Plaintiff does not point to a specific constitutional right to file a reply brief or a Federal Rule of Civil Procedure that was violated by Judge Morris. Upon review, the Court has not identified a Federal Rule of Civil Procedure that requires an opportunity to file a reply brief to a motion. To the extent Plaintiff argues that Judge Morris violated a right to file a reply brief conferred by Eastern District of Michigan Local Rule 7.1 (ECF No. 35, PageID.328), the Court disagrees. "[T]he court is not required to wait for, or consider, a reply brief if the issues are sufficiently clear after considering a motion and response." *Convertino v. U.S. Dep't of Just.*, No. 07-CV-13842, 2008 WL 4998369, at *2 (E.D. Mich. Nov. 21, 2008) (Cleland, J.). Plaintiff does not identify any specific issues with the

R&R; as such, the issues appear to be sufficiently clear following Defendants' response.[4]

The Court reminds Plaintiff that he was provided an opportunity to file his reply brief and objections in its January 13, 2025 order. (ECF No. 25.) To date, Plaintiff has not filed a reply brief. To the extent Plaintiff's constitutional rights, or any other rights, were violated, Plaintiff was offered an opportunity to supplement his briefing. As such, Plaintiff's arguments regarding a reply brief are overruled.

### iii.   Plaintiff's arguments regarding fraud upon the Court

The Court also rejects Plaintiff's argument regarding the R&R being "based upon a Fraud Upon the Court." (ECF No. 31, PageID.289.) Plaintiff does not explain how Defendants' alleged misrepresentation—that "Plaintiff's EXHIBITS of TWO Letters did not bear a Date upon them"—has any effect on the analysis undertaken in the R&R. (ECF No.

---

[4] As set forth later in this opinion, the Court also notes that Plaintiff has not submitted "verifying medical evidence to establish 'the detrimental effect of the delay in medical treatment.'" *Anthony v. Swanson*, 701 F. App'x 460, 463 (6th Cir. 2017) (quoting *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)). Because Plaintiff has not submitted any medical records in his favor, he has not demonstrated a strong likelihood of success on the merits such that his motion for a TRO and/or preliminary injunction should be granted.

15, PageID.162.) The Court carefully reviewed the R&R and concluded that the R&R makes no mention of the letters and that the letters have no impact on its analysis.[5] Again, it is Plaintiff's duty to set forth objections that identify "factual and legal" issues "at the heart of the parties' dispute." *Arn*, 474 U.S. at 147. Plaintiff has not done so here because he does not explain why allegations regarding the letters impact the reasoning in the R&R.

Additionally, Plaintiff's "Rule 60(b) motion for fraud upon the Court by Defendants," his motion to strike Defendants' response to his motion for TRO, his request that the Court hold an evidentiary hearing concerning fraud upon the Court, and his general arguments regarding fraud upon the Court, are all without merit. (*See* ECF No. 15, 16, 19, 22, 29, 31.) The Court first notes that Plaintiff's motions and arguments relating to Federal Rule of Civil Procedure 60(b) or Michigan Court Rule 2.612 lack merit because a final judgment, order, or proceeding has not

---

[5] The letters Plaintiff references in his complaint are allegedly dated April 7, 2024 and April 17, 2024. (ECF No. 1, PageID.15–16.) The Court notes that Plaintiff's motion for a TRO or preliminary injunction describes events occurring on May 13, 2024 and October 15, 2024, and concerns Plaintiff had regarding meals and treatment as of November 11, 2024, which is when the motion was dated. (ECF No. 8.) As such, it is not clear what impact, if any, these letters have regarding the concerns described in Plaintiff' motion for TRO.

been entered in this case and, as such, the Court is unable to provide the requested relief. Fed. R. Civ. P. 60 (stating that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: fraud . . . , misrepresentation, or misconduct by an opposing party"); Mich. Ct. R. 2.162 (stating the same).[6]

Next, there is no indication that the dates of the letters, whether Plaintiff sent the letters, when the letters were received, or whether Defendants failed to respond to the letters are material at this time. The Court acknowledges that Plaintiff alleges, in his complaint, that the letters are dated April 7 and 17, 2024, and that Defendants do not reference these dates in their recitation of Plaintiff's allegations. (ECF No. 12, PageID.64–65.) The Court also acknowledges that Defendants state that the letters were sent "at unidentified times" and "unidentified

---

[6] In Plaintiff's "motion for [e]videntiary hearing and request to take judicial notice of exhibits attached hereto" (ECF No. 19), he claims, "[w]here a party has alleged that a Fraud has been committed on the court, it is generally an abuse of discretion for the court to decide the motion without first conducting an Evidentiary Hearing regarding the allegations." (*Id.* at PageID.190.) He cites a variety of Michigan state-court decisions which discuss relief from judgment due to fraud upon the court pursuant to Michigan Court Rule 2.612. (*Id.* at PageID.190–191.) To the extent that Michigan Court Rules are even applicable to federal courts, Plaintiff's motion must be denied because a judgment has not been entered in this case and the Court may not provide the requested relief to Plaintiff.

date[s]." (*Id.*) Indeed, Plaintiff's complaint does not describe when the letters were actually sent, only when they were dated. (ECF No. 1, PageID.15–17.) And the Court is not convinced that the dates hold much, if any, importance to the R&R and Plaintiff's motion for a TRO.[7]

### iv.    *Plaintiff's arguments regarding bias*

Finally, regarding Plaintiff's arguments that the R&R must be set aside because Judge Morris "has demonstrated personal bias towards Plaintiff Williams" and must be disqualified from this case (ECF No. 21, PageID.206, 211; ECF No. 22, PageID.213), that argument is rejected for the reasons set forth in this Opinion and Order regarding Plaintiff's objections to Judge Morris' order denying Plaintiff's motion to disqualify and his motion to clarify. (ECF No. 34.) *See supra* II.

### v.    *Additions to the R&R*

Plaintiff's various challenges to the R&R are denied and the R&R is adopted. The Court concurs in the reasoning and result and adds the following clarifications to the R&R.

---

[7] To the extent that Plaintiff requests that the Court sanction Defendants using its inherent authority (*see* ECF No. 19, PageID.193), the Court declines for the reasons set forth in this opinion and order.

First, the Court notes that Plaintiff's "emergency ex parte motion" requests a "temporary restraining order and/or preliminary injunction." (ECF No. 8, PageID.43.) The R&R and this order apply to Plaintiff's requests for a TRO and for a preliminary injunction because the standards for a TRO and a preliminary injunction are the same. *See Rios*, 345 F. Supp. 2d at 835.

Next, the Court reiterates that Plaintiff's motion does not demonstrate a strong likelihood of success on the merits. (*See* ECF No. 14, PageID.158.) "[A] finding that there is simply no likelihood of success on the merits is usually fatal" to a motion for a TRO or preliminary injunction. *Gonzales*, 225 F.3d at 625. Because Plaintiff seeks the TRO and preliminary injunction, he "bears the burden of justifying such relief." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012). "'[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion' because a preliminary injunction is an extraordinary remedy." *Id.* (alteration in original) (quoting *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)).

16

The Court acknowledges that Plaintiff submitted a verified complaint. (*See* ECF No. 1, PageID.26.) However, as set forth in the R&R (*see* ECF No. 14, PageID.158–159), Plaintiff has not submitted "verifying medical evidence to establish 'the detrimental effect of the delay in medical treatment.'" *Anthony v. Swanson*, 701 F. App'x 460, 463 (6th Cir. 2017) (quoting *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)). Medical records submitted by Defendants indicate that he was provided care for his wound between at least May 6, 2024 and August 20, 2024 (*see* ECF No. 14, PageID.154–156), and Plaintiff does not provide medical evidence establishing that he has had care withheld.

Additionally, Plaintiff's motion requests "[t]he return of Plaintiff's Meal[s]-In" and the "[c]ease [of] any and all Threats of Retaliatory Transfers." (ECF No. 8, PageID.46.) As to threats of retaliatory transfers, Plaintiff does not describe these threats in his motion or in his verified complaint, and there is no indication that Defendants are responsible for any such threats. As such, the Court is unable to grant a TRO or preliminary injunction on this basis.

Plaintiff's motion regarding meals-ins must also be denied. According to Plaintiff's verified complaint, he believes the denial of meal-ins violates his Eighth Amendment rights.[8] (ECF No. 1, PageID.21–22.)

For Plaintiff to have a strong likelihood of success on the merits on his Eighth Amendment claim regarding meal-ins, he must demonstrate "the existence of a sufficiently serious medical need" that is "obvious even to a layperson," *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010), as well as "that the official acted with 'deliberate indifference to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Plaintiff "must show more than negligence or the misdiagnosis of an ailment." *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). Here, Defendant Massey's affidavit states, "[b]ased on my examination of Plaintiff's wound and his existing wheelchair and pusher details aiding in his mobility, I used my medical judgment to determine that Plaintiff did not medically need a Meals-in detail and could take his meals in the Chow hall with the other medically frail inmates." (ECF No.

---

[8] Plaintiff also alleges that the denial of meal-ins violates his Fourteenth Amendment rights (ECF No. 1, PageID.23–24), but does not invoke a specific right conferred by the Fourteenth Amendment. The Court is unable to discern the legal basis for this claim and, as such, will not address it.

12-2, PageID.142–143; *see also id.* at PageID.144; ECF No. 12-1, PageID.86.) At this time, the Court is unable to find that Defendant Massey acted with deliberate indifference to inmate health and safety, and, as such, Plaintiff's motion regarding meals-in must be denied.

### D. Conclusion

For the reasons set forth above, the R&R is adopted (ECF No. 14) and Plaintiff's motion for temporary restraining order and/or preliminary injunction is denied. (ECF No. 8.)

## II.   Plaintiff's objections to Judge Morris' order denying Plaintiff's motion to disqualify and resolving Plaintiff's motion to clarify (ECF No. 35)

On February 25, 2025, Judge Morris issued an order denying Plaintiff's motion to disqualify and resolving Plaintiff's motion to clarify. (ECF No. 34; *see also* ECF No. 21 (Plaintiff's "ex parte motion to recuse/disqualify with 28 U.S.C. § 144 affidavit Magistrate Judge Patricia T. Morris under Federal Rules of Civil Procedure 28 U.S.C. § 455, (a), (b), (1).").) In this order, Judge Morris denied Plaintiff's motion to disqualify her pursuant to 28 U.S.C. § 455, and found that she had not violated 28 U.S.C. § 144 when she entered an order setting a briefing

schedule for Defendants' motion to dismiss. (ECF No. 34, PageID.321–324.)

Plaintiff filed an objection to Judge Morris' order. (ECF No. 35.) The objection is dated March 3, 2025, and was received by the Court on March 12, 2025. (*Id.* at PageID.334.) Defendants filed a response (ECF No. 38), and Plaintiff filed a reply. (ECF No. 39.)

## A. Legal Standard

Federal Rule of Civil Procedure 72(a) provides that, for non-dispositive pretrial matters where a magistrate judge issues a written order:

> [a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The Eastern District of Michigan Local Rules state that objections under Rule 72 "must: (A) specify the part of the order . . . to which a person objects; and (B) state the basis for the objections." E.D. Mich. LR 72(d).

20

### B. Analysis

Plaintiff's objections are overruled because he has not demonstrated that any part of Judge Morris' order is "clearly erroneous or [are] contrary to law." Fed. R. Civ. P. 72(a).

To the extent Plaintiff argues that Judge Morris should have permanently ceased her involvement in this case once he filed his motion to recuse and/or disqualify, Plaintiff is incorrect. (ECF No. 35, PageID.327 ("The Magistrate Judge fails to state why she is responding in the first place as she is part and parcel of the Defendants' **FRAUD UPON THE COURT CLAIM** . . . ." (emphasis in original); *id.* at PageID.328 ("Magistrate Judge shows her Bias and Prejudice toward this Plaintiff by her continuing to act as the Magistrate Judge in charge, while knowing that she is prohibited from proceeding further according to 28 USC § 144 . . . ."); *id.* at PageID.334 ("[A]nother Judge should be assigned to hear the motion for Recusal.").) Motions to recuse "are to be decided in the first instance by the judicial officer sought to be disqualified." *Moss v. Fairborn City Sch.*, No. 3:08CV00393, 2009 WL 10679470, at *1 (S.D. Ohio Nov. 5, 2009) (motions pursuant to 28 U.S.C. § 455); *Honorable Ord. of Kentucky Colonels, Inc. v. Kentucky Colonels Int'l*, No. 3:20-CV-132-

RGJ, 2025 WL 1117428, at *2 (W.D. Ky. Apr. 15, 2025) ("Although § 144 on its face appears to require automatic disqualification once a motion and affidavit are filed, it is proper for the challenged judge to rule on the motion for recusal to determine whether it is legally sufficient."). As such, Judge Morris' order denying his motion to recuse and resolving Plaintiff's motion to clarify was properly entered, and she may continue to be involved in the case.[9]

Next, Plaintiff claims that Judge Morris should recuse herself pursuant to 28 U.S.C. § 144, and 28 U.S.C. § 455. (ECF No. 35, PageID.327, 331–332.)

Plaintiff's argument that Judge Morris violated 28 U.S.C. § 144 is overruled. 28 U.S.C. § 144 states,

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall

---

[9] To the extent Plaintiff claims that Judge Morris' continued involvement in the case violates the Federal Rules of Civil Procedure, that objection is overruled. (*See* ECF No. 35, PageID.327 ("[A]ccording to Fed. R. Civ. P. she should [N]ot be proceeding any further in this case until another Judge has ruled upon the motions" (second alteration in original)).) Plaintiff does not identify which Federal Rule of Civil Procedure was allegedly violated, and the Court is unable to discern a Federal Rule of Civil Procedure that has been violated here.

proceed no further therein, but another judge shall be assigned to hear such proceeding.

Judge Morris determined that § 144 is inapplicable to her because she is a magistrate judge, not a district judge. (ECF No. 34, PageID.324 (citing *United States v. White*, 582 F. Supp. 3d 525, 532 (E.D. Mich. 2022)).) The Court agrees. *See Liteky v. United States*, 510 U.S. 540, 548, (1994) (explaining that 28 U.S.C. § 455 "entirely duplicated the grounds of recusal set forth in [28 U.S.C.] § 144 . . . , but [] made them applicable to *all* justices, judges, and magistrates (and not just district judges) . . . .").

Even if 28 U.S.C. § 144 was applicable to Judge Morris, Plaintiff's affidavit is not "sufficient" and he has not demonstrated bias such that recusal is warranted. The Sixth Circuit explains,

> [t]o warrant recusal under § 144, an affidavit must "allege[ ] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." *General Aviation, Inc. v. Cessna Aircraft, Co*., 915 F.2d 1038, 1043 (6th Cir. 1990). The alleged facts, moreover, must relate to "extrajudicial conduct rather than . . . judicial conduct." *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983) (internal quotation marks omitted). In other words, the affidavit must allege facts showing "a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id*. at 1090 (internal quotation marks omitted).

*Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001). Here, Plaintiff's § 144 affidavit is insufficient because it does not discuss extrajudicial conduct. (*See* ECF No. 21, PageID.209–211.) Instead, it only discusses Judge Morris' conduct related to her judicial decision-making. As such, Plaintiff's arguments related to § 144 are without merit.

Plaintiff also objects to Judge Morris' determination that she need not disqualify herself pursuant to 28 U.S.C. § 455. (ECF No. 35, PageID.328–334.) He claims that Judge Morris' issuance of the R&R prior to his opportunity to file a reply brief to his emergency motion for temporary restraining order and/or preliminary injunction "demonstrated bias" and violated her "legal duty to wait" for Plaintiff's reply brief. (*Id.* at PageID.327–328.) The Court disagrees. As set forth earlier in this opinion, Plaintiff has not identified a Federal Rule of Civil Procedure that requires an opportunity to file a reply brief to a motion. To the extent Plaintiff argues that Judge Morris violated a right to a reply brief conferred by Eastern District of Michigan Local Rule 7.1 (ECF No. 35, PageID.328), the Court also disagrees. "[T]he court is not required to wait for, or consider, a reply brief if the issues are sufficiently clear

after considering a motion and response." *Convertino*, 2008 WL 4998369, at *2.[10]

Plaintiff also argues that Judge Morris demonstrated bias or prejudice against him when she "refus[ed] to hear Plaintiff's motion for TRO in an Ex Parte manner" and "determined on her own that[] it would be better to let the Plaintiff suffer for weeks to allow the Defendants to file a response . . . ." (ECF No. 35, PageID.329.) However, Plaintiff does not cite to any caselaw describing an entitlement to an ex parte proceeding, and Plaintiff has not met his burden with regard to his motion for a TRO. As such, the Court finds that Plaintiff's arguments

---

[10] Plaintiff takes issue with Judge Morris' determination that the determination of his motion for a TRO was "sufficiently clear" after Defendants' response brief. (ECF No. 35, PageID.330 ("Yet the Court fails to explain what the relevant medical records and affiadivt [sic] of Massey consi[s]ted of that gave Magistrate [J]udge Morris such a great insight and making her believe one party over the other . . . [and] the so-called records provided consisted only of the notes placed there by the Defendant to cover up her violations . . . .").) As set forth previous in this Opinion, the Court reminds Plaintiff that he was provided an opportunity to file his intended reply brief, but Plaintiff declined to do so. (*See* ECF No. 25; ECF No. 31.) Additionally, Plaintiff has not submitted "verifying medical evidence to establish 'the detrimental effect of the delay in medical treatment.'" *Anthony*, 701 F. App'x at 463 (quoting *Santiago*, 734 F.3d at 590). Because Plaintiff has not submitted any medical records in his favor, he has not demonstrated a strong likelihood of success on the merits such that his motion for TRO and/or preliminary injunction should be granted.

regarding 28 U.S.C. § 144 and 28 U.S.C. § 455 are without merit. Plaintiff's objections regarding Judge Morris' decision are overruled.

### III.   Conclusion

For the reasons set forth above, the R&R (ECF No. 14) is ADOPTED, Plaintiff's emergency motion for a temporary restraining order and/or preliminary injunction (ECF No. 8) is DENIED, and Plaintiff's objections to Judge Morris' order denying his motion to disqualify judge (ECF No. 35) are OVERRULED. Additionally, the following motions submitted by Plaintiff are DENIED, also for the reasons set forth above:

- Plaintiff's Rule 60(B) motion for fraud upon the Court (ECF No. 15)
- Plaintiff's motion to strike Defendants' response to Plaintiff's emergency motion for temporary restraining order and/or Preliminary Injunction (ECF No. 16)
- Plaintiff's motion for evidentiary hearing and request to take judicial notice of attached exhibits (ECF No. 19)
- Plaintiff's motion to strike the R&R (ECF No. 22)

IT IS SO ORDERED.

Dated: May 1, 2025                           s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                                        United States District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 1, 2025.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager