## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Terry Lynn Williams,

                Plaintiff,        Case No. 24-12435

v.                         Judith E. Levy
                             United States District Judge

Teri Massey and Vital Core Health
Strategies,               Mag. Judge Patricia T. Morris

                Defendants.

_____/

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS [41, 44], DENYING PLAINTIFF'S MOTION [40], AND GRANTING DEFENDANTS' MOTION TO DISMISS [27]

Before the Court are Magistrate Judge Patricia T. Morris' Reports and Recommendations ("R&R") recommending that the Court grant Defendants' motion to dismiss (ECF No. 41) and deny Plaintiff's emergency motion to hold Defendants and their agents in contempt of court. (ECF No. 44.)

For the reason set forth below, the report and recommendation to grant Defendants' motion to dismiss (ECF No. 41) is adopted in part, and the report and recommendation to deny Plaintiff's motion for contempt

(ECF No. 44) is adopted. Plaintiff's motion to hold Defendants and their agents in contempt (ECF No. 40) is denied, and Defendants' motion to dismiss (ECF No. 27) is granted.

## I.   Plaintiff's emergency motion to hold Defendants and their agents in contempt of court (ECF No. 40)

On April 29, 2025, Plaintiff filed an "emergency motion/brief to hold Defendants' and their [agents] in [contempt] of court for withholding this Court's orders/document from the Plaintiff namely ECF No. 9 PageID. 51 filed 11-27-24 page 1 of 2." (ECF No. 40, PageID.364.)

On May 29, 2025, Judge Morris issued an R&R recommending that the Court deny Plaintiff's motion to find Defendants and their agents in contempt of court. (ECF No. 44.) The parties were required to file specific written objections, if any, within 14 days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d). No objections were filed. The Court has nevertheless carefully reviewed the Report and Recommendation and concurs in the reasoning and result.

Accordingly, Plaintiff's motion to find Defendants and their agents in contempt is DENIED.[1]

## II.   Defendants' motion to dismiss (ECF No. 27)

On January 15, 2025, Defendants filed a motion to dismiss. (ECF No. 27.) Judge Morris issued an R&R on April 30, 2025, recommending that the Court grant Defendants' motion to dismiss.[2] (ECF No. 41.) The parties were required to file specific written objections, if any, within 14 days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d). Plaintiff filed objections (ECF No. 45), and Defendants filed a response. (ECF No. 46.)

For the reasons set forth below, the Court adopts the R&R in part and Defendants' motion to dismiss is granted.

---

[1] By failing to object to the Report and Recommendation, the parties have forfeited any further right of appeal. *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019); *see also Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019).

[2] The R&R also recommends that the Court deny as moot a variety of Plaintiffs' motions: Plaintiff's Rule 60(B) motion for fraud upon the Court (ECF No. 15), Plaintiff's motion to strike Defendants' response to Plaintiff's emergency motion for temporary restraining order and/or Preliminary Injunction (ECF No. 16), Plaintiff's motion for evidentiary hearing and request to take judicial notice of attached exhibits (ECF No. 19), and Plaintiff's motion to strike the R&R. (ECF No. 22.) The Court denied these motions in a previous order. (*See* ECF No. 43, PageID.412.) As such, this portion of the R&R is not adopted.

## A. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that

4

objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

Because Plaintiff is self-represented, the Court will construe his objections liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### B. Analysis[3]

#### i. *Objections regarding Plaintiff's Eighth Amendment Claim against Massey*

Plaintiff presents several objections regarding the R&R's recommendation that Plaintiff's Eighth Amendment claims against Massey be dismissed.

Construed liberally, the complaint alleges that Massey violated Plaintiff's Eighth Amendment rights because she denied him an accommodation to receive meals in his unit (and thus requiring him to go

---

[3] The Court notes that Plaintiff's filing consists of two documents that are entirely identical. (*See* ECF No. 45, PageID.419–424; *id.* at PageID.425–430.) As such, the Court will only refer to the first document, i.e., ECF No. 45, PageID.419–424.

5

to the "Chow Hall" for meals) and because she denied him medical care. (*Id.* at PageID.12, 15, 21.)

Regarding Plaintiff's claim that Massey denied him medical care, Plaintiff's objections are overruled. Plaintiff argues that the R&R erred in finding that he failed to allege a serious medical need because "Defendants have admitted that Plaintiff does have a serious medical need but they claim they met it." (ECF No. 45, PageID.422.) Plaintiff also describes mental anguish and the physical symptoms he is experiencing, and attributes both to the denial of medical treatment. (*Id.* at PageID.421.) Finally, Plaintiff appears to take issue with the R&R's recommendation that Plaintiff has not demonstrated an objectively serious medical need. (*Id.*) He states that he has done so "as his medical records from the V.A. Hospital and the MDOC clearly show that prior to the retaliatory actions of the Defendants he was being treatment for both legs." (*Id.*)

A plaintiff who claims that a prison official's denial of medical care constituted an Eighth Amendment violation must allege "(1) he had an objectively serious medical need, and (2) 'an official knew of [his] serious medical need and that, despite this knowledge, the official disregarded or

6

responded unreasonably' to it." *Est. of Miller v. Michigan Dep't of Corr.*, No. 22-10934, 2023 WL 122903, at *3 (E.D. Mich. Jan. 6, 2023) (quoting *Downard for Est. of Downard v. Martin*, 968 F.3d 594, 600 (6th Cir. 2020)). Plaintiff must allege that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).

First, the Court reiterates that its review of a motion to dismiss is limited to the complaint and its exhibits. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). As such, even if the Court could obtain access to medical records from the "V.A. Hospital," it would not be permitted to consider those records at this stage of the case.

Second, Plaintiff's allegation that "Defendants have admitted that Plaintiff does have a serious medical need" is not supported by the record. (ECF No. 34, PageID.422.) Plaintiff does not indicate where in the record Defendants admit that Plaintiff has a serious medical need. In fact, Defendants argue in their motion to dismiss that "Plaintiff's Complaint

completely fails to identify his alleged serious medical need." (ECF No. 27, PageID.257.)

Finally, regardless of whether Plaintiff has successfully alleged a serious medical need, Plaintiff's Eighth Amendment claim regarding alleged denial of treatment fails because he has not fulfilled the subjective prong, i.e., that "an official knew of [his] serious medical need and that, despite this knowledge, the official disregarded or responded unreasonably to that need." *Downard*, 968 F.3d at 600. The subjective prong requires Plaintiff to allege that Defendant "possess[ed] 'a sufficiently culpable state of mind,' rising above negligence or even gross negligence and being 'tantamount to intent to punish.'" *Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) (quoting *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)). Plaintiff must allege that Defendant "act[ed] with deliberate indifference." *Id.* (quoting *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003)). "Mere negligence will not suffice," and "allegations of medical malpractice or negligent diagnosis and treatment generally fail to state an Eighth Amendment claim of cruel and unusual punishment." *Id.*

The allegations in the complaint regarding Massey's refusal to address his medical needs are vague. Plaintiff states that "Defendants entered into a conspiracy to refuse Plaintiff medical treatment for his medical condition of both legs," Defendants "[w]rongfully denied him medical care" and "[w]rongfully denied him medi[c]al treatment already prescribed by a Specialist." (ECF No. 1, PageID.6, 12.) Plaintiff also reproduces letters he allegedly wrote to Vital Core, which state that Plaintiff was "told that [the denial of medical treatment] is because your company has ordered that we prisoners are to be given the least treatment needed." (*Id.* at PageID.15.)

Crucially, the complaint does not make clear if Massey denied him treatment or if Massey provided insufficient treatment. To the extent Plaintiff received "minimal treatment" on his legs, Plaintiff does not describe the treatment or explain why it is inadequate. Additionally, Plaintiff does not allege that Massey took these actions with "intent to punish" or "deliberate indifference," and the Court is unable to infer that she had this state of mind based on Plaintiff's allegations in the complaint. *Broyles*, 478 F. App'x at 975.

Regarding Plaintiff's allegations that Massey violated his Eighth Amendment rights because she refused to continue his meals-in accommodation, the Court agrees with the R&R that Plaintiff failed to state a claim. In his complaint, Plaintiff alleges that he had a conversation with Defendant Massey on May 13, 2024, in which Plaintiff shared that he was "not only made fun of in the Chow Hall due to his medical condition, but threatened not to come back to the Chow Hall due to the Odor given off due to the medical condition of his legs." (ECF No. 1, PageID.14.) The R&R analyzed Plaintiff's meals-in claim as a "denial of medical care" claim and found that Plaintiff had not identified an objectively serious medical need regarding the meals-in accommodation, nor alleged that Massey knew of his needs but responded with deliberate indifference. (ECF No. 41, PageID.374.)

Plaintiff objects to the R&R's findings regarding his failure to identify an objectively serious medical need. (ECF No. 45, PageID.422.) Plaintiff argues that Judge Morris is not qualified to determine what is a serious medical need and that he is entitled to the meals-in accommodation because another inmate who received a meals-in accommodation has lesser medical needs. (*Id.*) However, the Court agrees

10

that Plaintiff has not set forth a serious medical need regarding his meals-in accommodation; for example, the complaint does not allege any harms that have occurred or may occur due to his meals-in accommodation being denied, such as Plaintiff no longer having access to meals. *See Hamilton v. Jindell*, No. CV 21-12054, 2022 WL 17814622, at *7 (E.D. Mich. Nov. 28, 2022), *report and recommendation adopted*, No. 21-12054, 2022 WL 17811953 (E.D. Mich. Dec. 19, 2022) ("[P]laintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendants' acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence." (quoting *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998))).

Finally, even if the Court found that he had identified an objectively serious medical need regarding his meals-in accommodation, the complaint still lacks allegations regarding Massey's state of mind.

As such, Plaintiff's objections regarding his Eighth Amendment claims against Massey are overruled.

### ii. Objections regarding Plaintiff's First Amendment Claim against Massey

Plaintiff also raises several objections regarding the R&R's recommendation to dismiss his First Amendment claim. Plaintiff claims

that Defendants retaliated against him "for exercising his First Amendment right to seek redress through the grievance process." (ECF No. 1, PageID.18.)

A First Amendment retaliation claim has three elements:

(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two— that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The R&R concluded that Plaintiff had not met the second element of a retaliation claim and that Plaintiff had not alleged the first element because "he only makes vague references to grievances and complaints." (ECF No. 41, PageID.374–375, 375 n.1.)

First, Plaintiff appears to take issue with standards expressed in the second element of a First Amendment retaliation claim. He objects to the R&R's statement that the second element requires Plaintiff to allege "an injury that would chill a person of ordinary firmness from exercising his constitutional rights," and argues that "the R&R did not take into account . . . that Plaintiff is NOT an ordinary person, he's a combat vet, that[']s why he came to the court." (ECF No. 45, PageID.422.) However,

12

the R&R used the correct standard, and the Court cannot change the long-standing requirement that Plaintiff must allege an injury that would "chill a person of ordinary firmness," despite his individual circumstances that might distinguish him from other, ordinary people.

Next, Plaintiff argues that his "case is supported by the above cases," and appears to refer to *Thaddeus-X* and *Dudley v. Kansas Dep't of Corr.*, No. 23-3074-JWL, 2023 WL 3177916 (D. Kan. May 1, 2023). (ECF No. 45, PageID.422.) Plaintiff is wrong. As discussed above, *Thaddeus-X* sets forth an "ordinary person" standard in determining whether an adverse action was taken against Plaintiff. *Thaddeus-X*, 175 F.3d at 396. Additionally, the court in *Dudley* held that a plaintiff failed to allege an adverse action for a First Amendment retaliation claim regarding allegations that "he was harassed by officers in the chow hall." *Dudley*, 2023 WL 3177916, at *5. The *Dudley* court described that claim as a "petty annoyance[]" that "do[es] not meet the second element of a retaliation claim." *Id.* These cases do not support Plaintiff's argument that he has sufficiently alleged a retaliation claim.

Plaintiff also takes issue with the R&R's statement that Plaintiff "has not alleged the specific protected conduct that he engaged in" and

13

"fail[ed] to meet the first element of a retaliation claim." (ECF No. 41,

PageID.375 n.1.) He states,

> it is not the Plaintiff's duty to defend the Defendants affirmed
> defense argument, it is the Defendants who must prove that
> Plaintiff DID NOT file the referenced GRIEVANCES, clearly it is a
> disputed question of facts which requires the trier of facts to decide
> that being a jury and not the Magistrate Judge.

(ECF No. 45, PageID.422–423.) Plaintiff's argument that Defendants are

required to prove that the grievances do not exist or that there is a

disputed question of fact is misplaced. Defendants' motion to dismiss is

before the Court, and "[t]o survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Additionally, as set forth above, even if Plaintiff sufficiently alleged

that he engaged in protected conduct, his First Amendment claim still

fails because he has not sufficiently alleged the second element: an

adverse action that would chill a person of ordinary firmness. As such,

Plaintiff's objections regarding his First Amendment claims against

Massey are overruled.

14

       *iii.*    *Objections regarding Defendant Vital Core Health Strategies*

Plaintiff also objects to the R&R's finding that his "allegations fall short of stating a claim against Defendant Vital Core Health Strategies because he has not alleged an unconstitutional policy, practice, or procedure." (ECF No. 41, PageID.375.) The complaint alleges that Vital Core violated his First and Eighth Amendment rights "by enforcing their written and unwritten Practices and Policies by denying medical care to cut costs and save monies, by forcing their staff to use the (UM) Utilization Manual." (ECF No. 1, PageID.18.)

Private contractors like Vital Core "can be held liable for the constitutional violations of their employees under a *Monell* theory." *Jackson v. Corizon Health Inc.*, No. 2:19-CV-13382-TGB, 2020 WL 3529542, at *3 (E.D. Mich. June 30, 2020). As set forth in the R&R, "to satisfy the Monell requirements, a plaintiff must 'identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." (ECF No. 41, PageID.375 (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

15

Plaintiff argues that "a simple reading of the Verified Complaint clearly states that Defendant VitalCore [sic] has in practice and procedure and policy forced their employees to use what it referred to as the Utilization Manual . . . ." (ECF No. 45, PageID.423.) Plaintiff's complaint states,

> Vital Core Health Strategies[] has what's called (UM) Utilization Manual and has written and unwritten policies and practices that are followed by doctors, nurses and health care managers (HUM's) to cut costs and to save monies by denying and removing Special accommodations.

(ECF No. 1, PageID.17.) Construed liberally, the complaint appears to allege that his "special accommodation" — the meals-in service — was denied due to Vital Core's Utilization Manual.

However, Plaintiff's *Monell* claims against Vital Core must be dismissed because, as set forth previously, he has not alleged underlying constitutional violations. *See supra* II.B.i–ii. "*Monell* claims allow for municipal liability 'for the constitutional violations of their employees only where the municipality's policy or custom led to the violation.'" *Chambers v. Sanders*, 63 F.4th 1092, 1101 (6th Cir. 2023) (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014)). "However, '[t]here can be no liability under *Monell* without an underlying constitutional

16

violation."' *Id.* at 1101–02 (quoting *Robertson*, 753 F.3d at 622). Additionally, regarding Plaintiff's First Amendment claim against Vital Core, he does not explain how the Utilization Manual or any other policy relates to his allegation of retaliation.

Plaintiff also objects on the basis that he has not yet had discovery and that his ability to "connect the policy to the [entity] itself and show that the particular injury was incurred" due to the policy "requires DISCOVERY." (ECF No. 45, PageID.423.) Although Plaintiff is not required to provide evidence of an unconstitutional policy at this stage of the case, "Plaintiff must still satisfy the pleading requirements of Rule 8(a)(2)." *Est. of Abbey v. Herring*, 598 F. Supp. 3d 572, 590 (E.D. Mich. 2022).

### iv.    *Plaintiff's other claims*

The Court also sets forth several clarifications regarding the R&R and dismissal of Plaintiff's claims.

The R&R addresses Plaintiff's First, Eighth, and Fourteenth Amendment claims, which are brought under 42 U.S.C. § 1983. (ECF No. 41, PageID.368–369.) To the extent Plaintiff also asserts claims pursuant to 42 U.S.C. § 1997, 42 U.S.C. § 1985, "42 U.S.C. § 2000 bb," the

17

Americans with Disabilities Act, and the Fifth Amendment, those claims also must be dismissed. (*See* ECF No. 1, PageID.9.)

Plaintiff's 42 U.S.C. § 1997 claim fails because it does not have a private cause of action. *Mullins v. Chandler*, No. CIV.A. 3:07-CV-P105H, 2008 WL 1730155, at *4 (W.D. Ky. Apr. 10, 2008) (citing *Rudd v. Polsner*, 229 F.3d 1153 (6th Cir. 2000) (unpublished table decision)).

Plaintiff's 42 U.S.C. § 1985 claim fails because he has not pled "specific facts showing a conspiracy to deprive him of his civil rights with racial or other class-based discriminatory animus." *Stansberry v. Theater*, No. 24-3543, 2024 WL 5135825, at *2 (6th Cir. Dec. 10, 2024); *see also Post v. Trinity Health-Michigan*, 44 F.4th 572, 580 (6th Cir. 2022) (stating that § 1985(3) "does not 'cover' conspiracies grounded in 'disability-based discrimination'" (quoting *Bartell v. Lohiser*, 215 F.3d 550, 559–60 (6th Cir. 2000))). Specifically, Plaintiff does not set forth that he was deprived of any civil rights because of racial or other relevant, discriminatory animus, nor that he was deprived of his civil rights, for the reasons explained in this opinion and the R&R.

To the extent Plaintiff brings claims pursuant to "42 U.S.C. § 2000 bb," that claim must be dismissed because the Court is unable to discern to which statute Plaintiff refers.[4]

Plaintiff's Americans with Disabilities Act ("ADA") claim also fails. The Court notes that the complaint does not provide information regarding the basis for his ADA claim, or which Defendants Plaintiff brings ADA claims against. The Court construes Plaintiff's reference to the ADA as a claim pursuant to Title II of the ADA, which states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.[5]

To state a claim pursuant to Title II, Plaintiff must allege

(1) that he is a qualified individual with a disability; (2) that defendants are subject to the ADA; and (3) that he was denied the opportunity to participate in or benefit from defendants' services,

---

[4] 42 U.S.C. § 2000b does not appear to be relevant to this case because it refers to civil actions brought by the Attorney General of the United States.

[5] Title I and III of the ADA are not applicable here. Title I prohibits disability discrimination in employment and Title III regulates public accommodations in private entities.

programs, or activities, or was otherwise discriminated against by
defendants, by reason of plaintiff's disability.

*Gentry v. Grand Prairie Healthcare Servs.*, No. 1:24-CV-240, 2024 WL
2178307, at *10 (W.D. Mich. May 15, 2024).

To the extent Plaintiff brings an ADA claim against Massey, the
claim must be dismissed because "Title II of the ADA does not provide a
private right of action against a public employee acting in his or her
individual capacity." *James v. Miller*, No. 2:21-CV-3984, 2021 WL
3722778, at *5 (S.D. Ohio Aug. 23, 2021).

To the extent Plaintiff brings an ADA claim against Vital Core, that
claim is also dismissed. Plaintiff does not allege that he was denied an
opportunity to participate in or benefit from Vital Core's services due to
his disability. Plaintiff was not provided a meals-in accommodation, but
he does not allege that he was not able to access any services or benefits
because of that deprivation. He also does not connect that deprivation to
any particular disability.

Finally, Plaintiff's Fifth Amendment claim is dismissed because he
has not set forth any allegations in support of those claims and the Court
is unable to discern on what basis Plaintiff brings claims under the Fifth
Amendment.

20

## III. Conclusion

For the reasons set forth above, the report and recommendation to grant Defendants' motion to dismiss (ECF No. 41) is adopted in part, and the report and recommendation to deny Plaintiff's motion for contempt (ECF No. 44) is adopted. Plaintiff's motion (ECF No. 40) is DENIED, and Defendants' motion to dismiss (ECF No. 47) is GRANTED.

IT IS SO ORDERED.

Dated: August 7, 2025          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 7, 2025.

                             s/William Barkholz
                             WILLIAM BARKHOLZ
                             Case Manager